

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00672-CV

_____

WISE ACQUISITIONS, LLC, Appellant

V.

LLANO RIDGE HOLDINGS, LLC, Appellee

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-363995-25

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Wise Acquisitions, LLC attempts to appeal the trial court's "Order Granting Plaintiff Llano Ridge Holdings, LLC's Traditional Motion for Summary Judgment" that granted a bill of review but did not dispose of the merits of the underlying controversy between the parties. *See* Tex. R. Civ. P. 329b(f) (providing that after the trial court's plenary power expires, a judgment cannot be set aside except by a bill of review for sufficient cause, filed within the time allowed by law).

Appellee Llano Ridge Holdings, LLC moved to dismiss this appeal for lack of appellate jurisdiction, and Wise requested that we "treat this appeal as a mandamus" if we conclude that we lack jurisdiction. We will dismiss the appeal for want of jurisdiction and deny the petition for writ of mandamus.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In May 2024, Wise filed two lawsuits in the span of two weeks in two Texas counties over the sale of one piece of real estate.

Wise first sued Carye Lou Angell and Will Young Benge IV (collectively, the Sellers) on May 2, 2024, in Culberson County. Wise alleged that the Sellers had breached their contract with Wise for the sale of over 3,000 acres of land (the Property) in Culberson County by failing to close the sale by April 30, 2024, and sought specific performance. Wise alleged that it suspected that the Sellers had

subsequently received a higher offer from another buyer and that they were attempting to sell the property to that buyer.

In a second lawsuit, Wise sued Llano on May 14, 2024, in Tarrant County, alleging that Llano had tortiously interfered with the contract between Wise and the Sellers for the purchase of the Property. The Tobin Firm P.C. served as Llano's registered agent and governing person. On May 22, 2024, Wise allegedly served notice of the Tarrant County lawsuit on "Amanda V. Rodriguez," a purported employee of the Tobin Firm.

On May 30, 2024, the Sellers sold the Property to Llano. Llano intervened in the Culberson County lawsuit on June 7, 2024, but did not answer the Tarrant County lawsuit. Alleging that it had served Llano, Wise sought a default judgment in the Tarrant County lawsuit.[1] On July 19, 2024, the trial court rendered a default

---

[1]At the hearing on Wise's motion for entry of final default judgment, the trial court inquired into Wise's service of process on Llano:

THE COURT:··Let me ask you something right quick because I am seeing here on your service [that]·an employee authorized to accept service for the registered agent?

[WISE]:··Yeah.··So the registered agent is The Tobin Firm, PC.··And so the --

THE COURT:··You served a law firm?

[WISE]:··Yes, I served a law firm.··And that was -- he was there to accept service. And if you look -- when you make an entity a registered agent, you can serve anybody that says they're authorized to accept service at that location.

judgment.[2]  From July 2024 through December 2024, Llano and Wise actively litigated the Culberson County lawsuit.

On March 17, 2025, Wise sent Llano an email notifying it of the default judgment and demanding that it convey the Property to Wise and pay $1,707,946.97—the purchase price of the Property—and $3,264,748.20 in exemplary damages.[3]  Llano, alleging that it had never been served with process, filed an original petition for bill of review, explaining that Wise had purportedly "served an individual named Amanda Rodriguez, who [did] not work for Llano Ridge's registered agent for service and [was] not authorized to accept service on behalf of Llano Ridge."  Llano also complained that the default judgment was not supported by Wise's pleadings[4]

---

THE COURT:··Have you had any conversations with Llano?

[WISE]:··With Llano?··I mean, we --

THE COURT:··Do they know this lawsuit is filed or no?

[WISE]:··I don't think they do since they haven't filed an answer.··I don't really·know, though.·

[2]The default judgment granted Wise specific performance—ordering Llano to convey the Property to Wise—and awarded exemplary damages.

[3]Two days later, Wise moved for summary judgment against Llano in the Culberson County lawsuit and attempted to use the default judgment from the Tarrant County lawsuit, claiming that "Llano Ridge's claims [were] barred by res judicata" and that "[c]ollateral estoppel prevent[ed] Llano Ridge from relitigating the key issues adjudicated in the Tarrant County Lawsuit."

[4]Llano complained that Wise had not pleaded a claim for specific performance.

and that Wise had failed to provide the clerk with Llano's last known email address when it moved for default judgment, as required by Texas Rule of Civil Procedure 239a.[5] *See* Tex. R. Civ. P. 239a ("At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney must certify to the clerk in writing the last known email address and mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause."). The parties filed cross-motions for summary judgment in the bill of review proceeding.

In support of its summary-judgment motion, Llano attached affidavits from Christopher S. Tobin and Amanda Rodriguez. Tobin attested that he was the president and registered agent of the Tobin Firm, that the Tobin Firm had always been Llano's registered agent for service of process, that Rodriguez had never been an employee of the Tobin Firm, that no employee of the Tobin Firm had been served with process for the Tarrant County lawsuit, and that he had no knowledge of the Tarrant County lawsuit until March 17, 2025—the day that Wise's attorney emailed him the demand letter and the default judgment.

---

[5]Llano asserted that Wise "was fully aware of Llano Ridge's email address," explaining that (1) Wise had sent a demand letter—which contained Llano's email address—to Llano a week before filing the Tarrant County lawsuit and (2) Wise "had been in active litigation against [Llano] in Culberson County and communicating regularly with its lawyer in that case" and "had served discovery on Llano Ridge just *ten days* earlier."

Rodriguez attested that she was employed as a legal assistant at the Zadeh Firm,[6] a position that she held in May 2024, when Wise claimed to have served her on behalf of Llano. She further attested she had never been an employee or independent contractor of the Tobin Firm, that the Tobin Firm had never authorized her to accept service for its firm or clients, and that she had no recollection of having accepted service for Llano.

Llano later supplemented its summary-judgment evidence with Tobin's and Rodriguez's deposition testimony. Tobin testified that neither he nor any employee of the Tobin Firm had been served with process in the Tarrant County law suit and that he had not authorized Rodriguez to accept service. Rodriguez testified that she had never been an employee or independent contractor for the Tobin Firm, that she never had any agency role for the Tobin Firm, and that she had neither been authorized nor told anyone that she was authorized to accept service for the Tobin Firm.

Wise argued in its summary-judgment motion and its response to the cross-motion that it had served Rodriguez, that she was an "employee" of the Tobin Firm, and that parties from other cases had served her on behalf of the Tobin Firm. Llano responded that "[w]hether other parties have tried to effectuate service by improperly serving Ms. Rodriguez is immaterial to whether Llano Ridge was properly served."

[6]The Zadeh Firm is in the same building as the Tobin Firm.

Following a hearing on the cross-motions for summary judgment, the trial court granted Llano's summary-judgment motion, which granted the bill of review but did not dispose of the merits of Wise's tortious interference claim. The trial court's order is as follows:

> On this day, the Court heard Llano Ridge Holdings, LLC's ("Llano Ridge") Traditional Motion for Summary Judgment ("Motion"). After considering the Motion, response, supporting evidence, and arguments of counsel, the Court concludes that Llano Ridge's Motion should be and hereby is **GRANTED**. Therefore,
>
> It is **ORDERED, ADJUDGED, and DECREED** that a bill of review is entered in favor of Llano Ridge, and the Final Default Judgment signed by this Court on or about July 19, 2024 in favor of Wise Acquisitions, LLC in Cause No. 342-352756-24 is hereby **VACATED, SET ASIDE, and RESCINDED**.
>
> It is further **ORDERED, ADJUDGED, and DECREED** that abstracts of judgment and writ of execution issued by the clerk on the basis of the Final Default Judgment are hereby **VACATED, SET ASIDE, and RESCINDED**.
>
> The clerk of court is **INSTRUCTED** to issue all appropriate documents necessary to effectuate this order.

Wise appealed, and Llano moved to dismiss the appeal for lack of appellate jurisdiction.

## III. DISCUSSION

### A. JURISDICTION

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *Lehmann v. Har-*

7

*Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001); *see* Tex. Civ. Prac. & Rem. Code. § 51.014(a) (listing appealable interlocutory orders).

A final judgment is one that (1) "actually disposes of every pending claim and party" or (2) "clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. Unless one of the statutory exceptions listed under Section 51.014(a) applies, an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until the trial court signs a final judgment. *Id.*

### B. BILL OF REVIEW

### 1. Applicable Law

A bill of review proceeding, like an equitable motion for new trial and a restricted appeal, is a method of attacking a default judgment.[7] *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). The bill of review is the chosen method when, as here, the default judgment under attack is no longer subject to a motion for new trial or otherwise appealable. Tex. R. Civ. P. 329b(f); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). The final resolution of the bill of review

---

[7]The Texas Supreme Court has demonstrated a growing hostility toward no-answer default judgments—particularly when the record hints at gamesmanship in the face of reasonably available means of providing notice—and described them as "greatly disfavor[ed]" and barely tolerable. *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 920–21 (Tex. 2024) (discussing importance of adversarial presentation); *see Shamrock Enters., LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 702–03 (Tex. 2026) (Blacklock, C.J., concurring); *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 190–91 (Tex. 2022).

proceeding will involve either a one-step process or a two-step process, depending upon whether the trial court denies or grants the bill. *See Alaimo v. U.S. Bank Trust Nat'l Ass'n*, 551 S.W.3d 212, 215 (Tex. App.—Fort Worth 2017, no pet.).

If the bill of review is denied, the matter is determined in one step—the order denying the bill of review, whether by dismissal, summary judgment, or conventional judgment, becomes a final order from which an appeal may be taken. *See generally Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979) (explaining that, depending upon the petitioner's proof, a bill of review may be adjudicated by pretrial dismissal or after a trial on the merits); *Mandel v. Lewisville Indept Sch. Dist.*, 499 S.W.3d 65, 70 (Tex. App.—Fort Worth 2016, pet. denied) (considering a petition for bill of review that was adjudicated by summary judgment).

If, however, the bill of review is granted, a second step is added to the process—adjudication of the original, underlying cause of action. *Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 (Tex. App.—Fort Worth 2003, no pet.) (holding that "when the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case occurs").

In *Baker*, the Texas Supreme Court explained that although "only one final judgment may be rendered in a bill of review proceeding," that judgment contains two components: (1) whether "the complainant is suffering under a wrongfully-obtained judgment," and, if so, (2) "whether the bill of review defendant, the original plaintiff, has proved the elements of his original cause of action." 582 S.W.2d at 409. And,

9

applying the approach articulated in *Baker*, in 2003, our court explicitly stated that the second step—the adjudication of the merits of the underlying lawsuit—should occur in the bill of review proceeding. *Hartford*, 110 S.W.3d at 590 (holding that "when the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case occurs in the same proceeding as the trial on the bill of review").

A year later, we applied this rule in describing what a final judgment from a bill of review should adjudicate. *In re J.B.A.*, 127 S.W.3d 850, 851 (Tex. App.—Fort Worth 2004, no pet.). In *J.B.A.*, we explained that the final judgment in a bill of review should either: (1) deny any relief to the bill of review petitioner, or (2) "grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy." *Id.*

## 2. Analysis

As explained above, a judgment following the granting of a bill of review must not only grant the bill of review, thereby setting aside the default judgment, but also must adjudicate the underlying controversy. *See id.* Whether as one order standing alone or two orders taken together, structurally, in an action in which a bill of review is granted, two matters must be resolved: (1) a finding that the default judgment was wrongfully granted, and (2) a determination of whether the plaintiff in the underlying controversy ultimately prevails. *Baker*, 582 S.W.2d at 409.

Here, the trial court's order grants the bill of review and vacates the default judgment, but it does not purport to resolve the underlying controversy. The order also is not immediately appealable by statute, does not state with unmistakable clarity that it is a final judgment, and does not contain any finality language. *See Lehmann*, 39 S.W.3d at 192–93; Tex. Civ. Prac. & Rem. Code § 51.014(a).

Wise maintains that we have jurisdiction to consider this appeal because the trial court's order granting the bill of review "constitutes" either an appealable interlocutory order or a final judgment. We disagree.

First, Wise argues that the order functions as a temporary injunction under Section 51.014(a)(4) because it prevents "Wise from enforcing the default judgment and directs the clerk to issue 'all documents necessary' to effectuate that restraint." An interlocutory order "functions as a temporary injunction"—and is therefore appealable—if it requires a party to perform according to the relief demanded in the suit and "operates during the pendency of the suit." *Qwest Comm'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). "[A] temporary injunction is inextricably bound with the merits"; when evaluating whether an interlocutory order has the "character and function" of a temporary injunction, we are to focus on "whether the order restricts (or commands) a party's conduct during the suit[] based on a determination that the opposing party has demonstrated a probable right to relief." *Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 39, 41 (Tex. 2024). Thus, an order "has the character and function of a temporary injunction" if it

11

"(1) requires the enjoined party to perform; (2) is made effective and operates while [the] suit remains pending; and (3) compels performance based on a determination that the opposing party's claim has merit." *Id.* at 40. We are unpersuaded by Wise's argument that the granting of the bill of review functions has a temporary injunction because it does not prevent Wise from enforcing the default judgment; rather, the order vacates the judgment and leaves nothing to enforce. In other words, the order does not restrain Wise from exercising any legal right or compel it to perform anything. *See id.*

Second, Wise argues that "[b]y not ordering any further proceedings, or specifying grounds for summary judgment, the November 21, 2025 [order] presumptively disposed of the underlying tortious interference dispute." Again, we are unpersuaded by this argument. As noted, absent a conventional trial on the merits, a judgment is final if it either (1) states with unmistakable clarity that it is a final judgment as to all claims and all parties or (2) actually disposes of all claims and parties then before the court, regardless of its language. *Lehmann*, 39 S.W.3d. at 192–93.

In determining whether an order is a final judgment, we should first examine the language of the order itself. *In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (citing *Lehmann*, 39 S.W.3d at 195, 205–06); *In re M & O Homebuilders, Inc.*, 516 S.W.3d 101, 106 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). If the order does not clearly and unequivocally indicate finality, we then

12

look at the record to determine finality. *Elizondo*, 544 S.W.3d at 827–28; *M & O Homebuilders, Inc.*, 516 S.W.3d at 106. Although no "magic language" renders a judgment final, "a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). Examples of clear and unequivocal finality language include: "This judgment finally disposes of all parties and all claims and is appealable," *Lehmann*, 39 S.W.3d at 206, and "This judgment is final, disposes of all claims and all parties, and is appealable," *Elizondo*, 544 S.W.3d at 825. Here, no such clear and unequivocal finality language is included in the trial court's order, and it did not dispose of the merits of the underlying controversy; rather, it vacated, set aside, and rescinded the trial court's default judgment.

Because the order in the bill of review proceeding fails to dispose of the merits of the underlying controversy between Llano and Wise, it does not dispose of all parties and claims before the court for adjudication. We therefore conclude that the order granting the bill of review is not final but remains interlocutory and unappealable. Accordingly, we lack jurisdiction over this appeal. *See e.g.*, *Pak v. Yang*, No. 02-18-00167-CV, 2018 WL 3385589, at \*1 (Tex. App.—Fort Worth July 12, 2018, no pet.) (dismissing appeal from summary-judgment order which granted a bill of review but did not dispose of the merits of the underlying controversy between the parties); *Unidivine, LLC v. Tex. Champps Americana, Inc.*, No. 02-17-00104-CV,

13

2017 WL 2375772, at *1 (Tex. App.—Fort Worth June 1, 2017, no pet.) ("An order granting a bill of review that sets aside a prior judgment without also disposing of all issues in the case on the merits is interlocutory and is not a final judgment appealable to the court of appeals or the supreme court."); *Norvell v. Bruton*, No. 02-12-00090-CV, 2012 WL 1868587, at *1 (Tex. App.—Fort Worth May 24, 2012, no pet.) ("Because the trial court's February 7, 2012 order [granting the bill of review] does not dispose of all issues and parties in the case, it is not an appealable interlocutory order.").

### C. PETITION FOR WRIT OF MANDAMUS

Wise requested that we treat its appeal as a petition for writ of mandamus if we conclude that the trial court's granting of the bill of review was not directly appealable.

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding). In certain circumstances, we may exercise our mandamus jurisdiction when an appellant specifically requests that we treat its attempted appeal as a petition for writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011) (construing impermissible interlocutory appeal as mandamus proceeding upon appellant's request and remanding to court of appeals for consideration as such).

14

Here, in the interest of judicial economy—and to the extent that mandamus relief may be an appropriate remedy—we will consider the documents filed in this attempted appeal as a petition for writ of mandamus. *See Rylander v. Archer Sys. LLC*, No. 01-25-00185-CV, 2025 WL 1460733, at *2 (Tex. App.—Houston [1st Dist.] May 22, 2025, orig. proceeding) (per curiam) (dismissing appeal for want of jurisdiction and considering appeal as a petition for writ of mandamus at appellant's request).

Treating this appeal as a mandamus proceeding, the court has considered Wise's petition for writ of mandamus and is of the opinion that relief should be denied.

## IV.  CONCLUSION

Having held that we lack jurisdiction over this appeal, we dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 42.2(f).  Alternatively, treating the attempted appeal as a petition for writ of mandamus—as requested by Wise—we deny its petition. *See* Tex. R. App. P. 52.8(a), (d).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  July 9, 2026

15